(71 Misc. Rep. 505.)

### RIDABOCK & CO. v. SCANLON.

(City Court of New York, Special Term. April, 1911.)

EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDINGS—PROPERTY IN HANDS OF THIRD PARTY.

    In supplementary proceedings for the examination of a third person, under Code Civ. Proc. § 2441, the court will only order delivery of property of the judgment debtor in the hands of a third party at the time of the commencement of the proceedings, and not property afterwards received.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159; Dec. Dig. § 402.*]

Action by Ridabock & Co. against John J. Scanlon. Judgment for plaintiffs. Application for order requiring third party to deliver money of judgment debtor to sheriff in supplementary proceedings. Motion denied.

Henry C. Brooks, for judgment creditor.
William E. Morris, for judgment debtor.

FINELITE, J. The plaintiffs obtained an order to show cause why an order should not be granted directing John J. Scanlon to forthwith indorse and deliver to the sheriff of New York county, to be applied on the judgment herein, a check dated February 15, 1911, drawn by William Verbeck on the New York State National Bank, Albany, N. Y., to the order of John J. Scanlon for the sum of $30. It appears from the moving papers herein that the examination of Lewis D. Conley as a third party, pursuant to proceedings supplementary, was taken before a notary public in and for the county of New York, and which examination disclosed that said Lewis D. Conley had in his possession and under his control the check aforesaid. The order for the examination of said third party was issued out of this court on the 7th day of February, 1911, returnable on the 13th day of February, 1911, and was adjourned by consent to the 28th day of February, 1911. Whether the examination so taken pursuant to said order

before a notary public was a nullity, the adjournments having been had upon consent and the judgment debtor having thereby waived any objections to its irregularity, this irregularity is not before me for adjudication. The order was issued on the 7th day of February, 1911, and returnable before one of the justices of this court on the 13th day of February, 1911, at 10 a. m. At the time said order was issued, and at the time the said order was made returnable, no money or property was in the possession of the third party belonging to the judgment debtor. Under section 2441 of the Code of Civil Procedure it must appear that:

"Upon proof, by affidavit, * * * to the satisfaction of the judge, that any person * * * has personal property of the judgment debtor, exceeding ten dollars in value, or is indebted to him in a sum not exceeding ten dollars, the judgment creditor is entitled to an order, requiring that person * * * to attend and be examined concerning the debt, or other property, at a time and place specified in the order. * * *"

Under this section said order was issued. The order was made returnable before one of the judges of this court, but, instead of appearing before one of the judges of this court and having said third party sworn, the said judgment creditor, upon the consent of the said third party, took the examination before a notary public. The judgment debtor attacks the proceedings upon the ground that the same are irregular in failing to comply with said section. The order was a nullity, for the reason that there was no money or property belonging to the judgment debtor on the return day of the order or at the time the order was issued in the possession of the third party belonging to the judgment debtor; that no property came into the hands of the said third party until on or after the 15th day of February, 1911, when, upon last day mentioned, the said third party was in receipt of a check to the order of the judgment debtor and payable to him. This is money that came into possession of the said third party after the issuing of the order.

The motion to direct the judgment debtor to indorse said check and deliver the same to the sheriff must be denied for want of jurisdiction. The said judgment creditor has a remedy, if upon the examination of the judgment debtor it should appear that this check is the property of said judgment debtor. Then the court may issue an order directing him to indorse the same and pay it to the sheriff, to apply on account of the judgment herein.

Motion denied.